1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

17

18

19

FBS LACEY, LLC, a Washington limited
liability company,

Plaintiff,

v.

DOVER HOLDING, LLC, a New York
limited liability company registered to do
business in Washington,

Defendant.

CASE NO. C07-5009BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
RECONSIDERATION AND
VACATING IN PART THE
ORDER DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

20     This matter comes before the Court on the Defendant's Motion for Reconsideration (Dkt.

21 24). The Court has considered the motion, the memorandum in support, and the remainder of the

22 file herein and denies Defendant's Motion for Reconsideration for the reasons stated herein.

23                                    **I. DISCUSSION**

24     The Court hereby incorporates and restates the Order Denying Defendant's Motion For

25 Summary Judgement (Dkt. 23) (Order).  Pursuant to Local Rule CR 7 (h)(1), motions for

26 reconsideration will normally be denied unless there is a showing of manifest error or

ORDER – 1

1   presentation of new facts or legal authority that could not have been presented to the Court

2   earlier.  While the Court finds that a portion of the opinion incorporated in the Order was in

3   error, as hereafter explained, the Court will not reconsider its decision because the Motion for

4   Summary Judgment was properly denied for other reasons.

5        The Court did misapprehend the application of Section 20 of the Commercial Lease to a

6   contest between the lessor and the lessee over rent.  Section 20 begins "Lessee shall not be

7   required to (I) pay any tax, assessment, levy, fee, *rent* or charge referred to in paragraph 8 (a) . .

8   ." (emphasis added).  While use of the term "rent" in this section is somewhat misleading, a

9   more careful reading of Section 8(a) reveals that "rent" does not refer to Basic Rent or

10  Additional Rent as those words are defined under the lease.  Although Section 8(a) does refer to

11  Basic Rent and Additional Rent, the section concerns taxes, charges, assessments, levies, fees,

12  water and sewer rents, and other governmental charges imposed or levied upon the Property,

13  Basic Rent, or Additional Rent.  Accordingly, the conclusions of law related to the erroneous

14  application of Section 20 should be vacated.

15       However, as stated in the Order and further clarified below, summary judgment is not

16  appropriate even if express provisions of the Commercial Lease do not provide an independent

17  basis for denying summary judgment. There are numerous material issues of fact present that

18  require the denial of summary judgment on the question of whether Defendant's attempt to

19  terminate the Commercial Lease is effective.  The pleadings and declarations filed in this action

20  demonstrate that significant questions remain as to whether Defendant's demanded attorneys'

21  fees were reasonable.  Beyond the usual considerations of reasonableness, Plaintiff has alleged

22  that Defendant's conduct in asserting its contractual rights exceeded the bounds of fair dealing

23  and good faith. Plaintiff contends that the record demonstrates material evidence that could lead

24  a finder of fact to conclude that Defendant violated its implied covenant of fair dealing and good

25  faith by, among other things, Defendant's use of multiple law firms to "participate" in a

26

ORDER – 2

1   condemnation action that was decided on summary judgment, the inclusion of Mark Langfan's

2   "in house counsel" fees, the submission of bills redacted of all information describing the work

3   performed, the shear magnitude of lawyer fees incurred in the approximate amount of $250,000

4   for an action decided on a question of law, and Defendant's lack of pursuit of its attorneys' fees

5   from the ultimately responsible party, the City of Lacey.  Issues of fact exist as to whether

6   Defendant's conduct rises to the level of bad faith, whether Defendant has breached the implied

7   covenant of good faith and fair dealing, whether Defendant's conduct is so egregious as to

8   provide legal justification for Plaintiff ceasing payment of Defendant's attorneys' fees pending

9   the resolution of these questions in a court of law, and finally, whether some or all of the facts

10   asserted by Plaintiff, if affirmatively established, require the Court to assert its equitable powers

11   to prevent the forfeiture of the leased property.

12        There are other material issues of fact with regard to whether any of the attorneys' fees

13   requested by Defendant over the approximately $41,000 already paid by Plaintiff are reasonable.

14   No determination as to the reasonableness of the attorneys' fees previously paid by Plaintiff or

15   the attorneys' fees subsequently submitted for payment by Defendant has been made. Defendant

16   contends in its motion for reconsideration that the Court should find as a matter of law that at

17   least $146,000 of its fees are reasonable as proven by the City of Lacey's offer and Defendant's

18   successful legal briefs.  Dkt. 24 at 3.  However, the City of Lacey, when offering to pay

19   $146,000 of Defendant's attorneys' fees, explicitly did "not agree that the hours claimed by the

20   Cushman and Witherspoon Law Firms are substantially reasonable." Dkt. 18-51 at 2.  Though

21   some or all of these attorneys' fees may ultimately be determined to be reasonable, the Court is

22   unable to decide this issue at summary judgment stage.

23        Finally, as a point of clarification, the issue of an award of attorneys' fees was not before

24   the Court on Defendant's motion for summary judgment.  The Court was not making a holding

25   with respect to the applicability of RCW 4.84.330, but was instead commenting on its

26

ORDER – 3

understanding of Washington law through dicta.  The Court would expect full briefing on this issue from the parties if an award of attorneys' fees were requested after final adjudication of all issues before the Court.

## II. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Reconsideration (Dkt. 24) is **DENIED** and the Order Denying Defendant's Motion For Summary Judgment (Dkt. 23) is **VACATED in part** as indicated herein.

DATED this 4th day of September, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4